**Abdoulaye BALDE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5329–ag.

United States Court of Appeals, Second Circuit.

Aug. 2, 2006.

Matthew J. Harris, Law Office of Eric A. Wuestman, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Frances E. Catron, Assistant United States Attorney, Lexington, KY, for Respondent.

Present B.D. PARKER, REENA RAGGI, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Abdoulaye Balde, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") William Van Wyke's denial of his application for asylum, withholding of removal, and CAT relief. We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly adopt the IJ's decision, but closely tracks the IJ's reasoning in briefly affirming the IJ's decision, the Court may consider both the IJ's and the BIA's decisions for the sake of completeness, at least when doing so does not alter our result. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006).

█ Section 208(a)(1)(B) of the Immigration and Nationality Act ("INA") precludes judicial review of the IJ's discretionary denial of the petitioner's claim of asylum for failure to file the application within the one-year limitation period without demonstrating the existence of either changed circumstances materially affecting the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing. 8 U.S.C. § 1158(a)(3). Although this Court retains jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and matters of statutory or regulatory construction, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir.

2006), petitioner has raised no such issues in this case. The Court therefore lacks jurisdiction to review the denial of petitioner's asylum application. The Court also lacks jurisdiction to review Balde's claim for CAT relief because he did not raise this claim before the BIA, thus failing to exhaust his remedies. *See* 8 U.S.C. 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

While we lack jurisdiction to review the denial of the petitioner's claim of asylum, we are not deprived of jurisdiction to consider the petitioner's remaining claim of withholding of removal under the INA, 8 U.S.C. § 1231(b)(3). In reviewing the agency's denial of withholding, we review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ After reviewing the record, we are persuaded that the inconsistencies in the petitioner's testimony constituted substantial evidence supporting the IJ's adverse credibility finding. *See Zhang v. INS*, 386 F.3d 66, 77 (2d Cir.2004). Because petitioner failed to present sufficient credible evidence that he will face persecution upon his return to Guinea, there is no basis for disturbing the IJ's conclusion

that the petitioner failed to establish a "clear probability" that he will be persecuted if he were to return to Guinea and that he therefore failed to satisfy his burden of proof for relief pursuant to withholding of removal. *INS v. Stevic*, 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).